## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**RONALD H. HOBSON**                                                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 5:15-CV-65-TBR**

**RAND PAUL**                                                                              **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Ronald H. Hobson, filed a *pro se*, *in forma pauperis* complaint on his own paper. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff alleges that Senator Rand Paul, the Defendant in this action:

> or his agents, knowingly and deliberately accepted a false reply to a senatorial inquiry aiding in the covering up or refusal of services to cover up a prescription refill error that turned into deliberate attempted homicide in order to hide negligence of a Veteran's Affairs Medical Practitioner at the Paducah CBOC Facility and to assist in hiding the fact OIG has no accountability at all over Paducah and Mayfield CBOC's allowing for the murder, attempted murder, and deliberate ongoing torture and abuse of his constituent veterans, namely [Plaintiff].

He also alleges that Defendant or his agents:

> outright refused involvement in legal matters involving murder, attempted murder, and ongoing torture and abuse of his veteran constituents as it would be illegal and turned around filing a suit on behalf of constituents against the NSA for snooping into personal lives of citizens enabling the cover up of the incident to continue and damages to go unaddressed and to continue unchanged for years . . . .

In the caption of the complaint and a footer on the first page, Plaintiff refers to "DISCRIMINATION THROUGH UNEQUAL REPRESENTATION." As relief, Plaintiff asks

for $250,000 from Defendant for pain and suffering and for a $1,000,000 donation to western Kentucky veterans.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his first claim, Plaintiff sues Defendant, a United States Senator, for money damages for "accept[ing] a false reply to a senatorial inquiry." However, "[i]t is well established that federal, state, and regional legislators are entitled to absolute immunity from civil liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 46 (1998). Constitutional immunity provided by "the Speech or Debate Clause protects all lawmaking activities undertaken in the House and Senate," including "actions taken in committee hearings, proceedings, and reports, or by vote, even though not always literally 'words spoken in debate.'" *Chastain v. Sundquist*, 833 F.2d 311, 314 (D.C. Cir. 1987) (quoting *Kilbourn v. Thompson*, 103

U.S. 168, 204 (1880)).  Therefore, the doctrine of legislative immunity bars Plaintiff's claim having to do with a senatorial inquiry.[1]

In his second allegation, Plaintiff accuses Defendant of "outright refused involvement in legal matters including . . . his veteran constituents" while Defendant did "fil[e] a suit on behalf of constituents against the NSA."  Because of the complaint's reference to "discrimination through unequal treatment," the Court interprets this claim as one that Defendant discriminated against his veteran constituents, including Plaintiff.  In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court held that a plaintiff may obtain damages resulting from constitutional violations on the part of a federal official.  However, liability under *Bivens* must be based on active unconstitutional behavior and cannot be based upon a mere failure to act. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).  Here, Plaintiff's allegations against Defendant involve Defendant's failure to act, not an action of Defendant, and, thus, fails to state a *Bivens* claim. Moreover, "[p]ublic officials do not have a free-floating obligation to put things to rights[.]" *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (stating that simply because a prisoner writes letters to the governor and others, informing them of his claims and demanding investigation, this does not create liability against those officials).  Therefore, even assuming that Defendant's alleged failure to act on behalf of veteran constituents was not covered by legislative immunity, Plaintiff fails to state a *Bivens* claim against Defendant for his alleged refusal to act.

---

[1] Even if the Court were to construe this claim to be against the United States as arising under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, legislative immunity would still apply.  *See* 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon . . . legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.").

Because Plaintiff is seeking money damages from a party who is immune from such relief and because he fails to state a claim upon which relief may granted, dismissal is warranted under § 1915(e)(2)(B)(ii) and (iii).

### III. CONCLUSION

For the reasons set forth above, the Court will, by separate Order, dismiss this action.

Date:

cc:     Plaintiff, *pro se*
4413.009